THE STATE OF OHIO, APPELLANT, v. REYNOLDS, APPELLEE.

(No. 139—Decided February 3, 1960.)

Mr. *Everett Fahrenholz*, for appellant.
Mr. *John E. Ernst*, for appellee.

KERNS, J.  This is an appeal from an order of the Municipal Court of Eaton, Ohio, sustaining a motion to dismiss the action for want of jurisdiction.

The affidavit charging the offense was filed under the authority of Sections 3707.01 and 3707.02, Revised Code, which prescribe certain procedures available to boards of health of city or general health districts in the abatement of nuisances. We encounter no difficulty in determining that actions instituted under such sections are special proceedings and dependent for jurisdiction upon Section 3707.51, Revised Code, which reads as follows:

"Prosecutions under Sections 3707.01 to 3707.53, inclusive, of the Revised Code, and the civil action under Section 3707.49 of the Revised Code, shall be instituted before a judge of the County Court within the county, or mayor, or police judge of the municipal corporation, in which the offense was committed or the offending person resides."

The Municipal Court is obviously not included within the terms of the above statute, and this court is not permitted to read something into the enactment which the General Assembly has failed to provide.  That body must be presumed to have known of the courts which it created and the respective jurisdiction of each of such courts at the time of the amendment of Section 3707.51 in 1958 (127 Ohio Laws, 1039, 1106).

Like many other counties in the state, Preble County has no county court, but a Municipal Court of Eaton with county-wide jurisdiction. This being so, the plaintiff, appellant herein, argues quite reasonably that the General Assembly, in amending Section 3707.51, Revised Code, could not have intended that certain areas of a county be removed from the operation of Sections 3707.01 and 3707.02, Revised Code. Be that as it may, the question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. The provisions of Section 3707.51, Revised Code, are clear, and any addition thereto by this court would constitute judicial legislation.

The judgment of the trial court will be, and hereby is, affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and CRAWFORD, J., concur.